RYAN, INCORPORATED, Plaintiff

v.

TAIPE VAKA and JAMES BLANKENSHIP, Defendants

High Court of American Samoa
Trial Division

CA No. 61-86

September 3, 1987

Before KRUSE, Associate Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Aviata Fa'alevao
         For Defendants, Togiola T.A. Tulafono

Opinion and Order on Motion for New Trial:

        Defendant moves for a new trial in the above-entitled matter on a twofold submission:

        Firstly, defendant contends that if an "agency" relationship existed between Blankenship and Taipe Vaka, the latter was a fully disclosed principal and accordingly Vaka's lack of performance on the contract may not be held against the agent Blankenship.

        Secondly, defendant excepts to the Court's conclusion of a guaranty situation as being unsupported on the evidence.

For reasons here given, the motion will be denied.

While it is correct that, in the absence of evidence to the contrary, an inference will generally arise that an agent is not a party to a contract made for a disclosed principal, the Court is here satisfied that the evidence in this case clearly showed that defendant Blankenship was a party to, and accordingly bound under, the resulting agreement for the sale of goods. Plaintiff was diffident to deal directly with Vaka and he made known this fact to Blankenship. He had no idea of Vaka's background and looked to Blankenship for assurance of payment. We found on the evidence that such assurances were given.

The documentary evidence was clearly inconsistent with Blankenship's position at trial that he was merely a conduit for introduction between plaintiff and Vaka. Why else did he sign plaintiff's invoice and thereby acknowledge the terms of the sale upon plaintiff's certification that the order had been supplied? The invoice concerned had Blankenship designated as the source of the order. The terms of the sale were on a credit basis, and the circumstances point to the conclusion that plaintiff's extension of credit was on account of Blankenship's standing with plaintiff, and not on account of Vaka's.

Having found plaintiff's testimony to have been corroborated and more credible, and being made aware of Blankenship's business background, the Court affirmed its conclusion. Defendant Blankenship had actively placed himself beyond the status of being a mere conduit, to that of a party to the transaction to be bound.

The second ground advanced by defendant to sustain a new trial is even less persuasive. The argument simply registers disagreement with the fact finder's finding of facts. The Court reaffirms the evidence as being sufficient to support its findings.

Finally, defendant's allusion to consideration, or lack thereof, as insufficient to sustain a guaranty conclusion, is cursory treatment. It is trite law that consideration moving directly to the guarantor is not essential, so that delivery of property to a third person on the faith of a guaranty of payment is sufficient consideration for

the guaranty. C.J.S., Guaranty § 26. Consideration herein was plaintiff's supplying the goods to Vaka upon Blankenship's undertaking to make good on payment.

Motion Denied. It is so ORDERED.